# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT GALLAGHER,<br>    Plaintiff,<br><br>v.<br><br>NADA PAJEVIC,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:15-CV-410-WCL-PRC<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. On November 5, 2015, Plaintiff filed a Complaint in this case. The summons was returned executed on May 10, 2016. On June 23, 2016, Plaintiff moved for an entry of default, and on June 24, 2016, a Clerk's Entry of Default was made against Defendant Pajevic because she was served with the Complaint and did not timely file an Answer. On July 12, 2016, Defendant filed a letter (dated July 8, 2016), which the Clerk of Court docketed as an Answer. Her letter begins, "This is a plead and response to case numbers 2-15cv325 (which I received on 10/8/15) and 2-15cv410 (which I never received) for which I'm not guilty." She goes on to contest the merits of the Complaint in each case and ask the Court to dismiss the cases.

Federal Rule of Civil Procedure 55(c) provides: "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "In order to vacate an entry of default," under Rule 55(c), "the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). The "good cause" requirement is a threshold requirement; if the defaulting party cannot demonstrate "good cause," the court will not vacate its order. *Id*.

Because Defendant Pajevic has not filed a Motion to Set Aside Default in this case, she cannot file an Answer. Therefore, the Court strikes the letter dated July 8, 2016, which is docketed as an Answer at docket entry 14.

If Defendant Pajevic chooses to file a Motion to Set Aside Default, she must file a separate motion in each case.

Any filing made in this case must have a caption at the top of the page that looks exactly like the caption on this Opinion and Order, listing the name of this Court at the top in the middle, the names of both the Plaintiff and the Defendant on the left and the cause number (2:15-CV-410) on the right.

Defendant Pajevic must include a "certificate of service" with any document she files with the Court, as required by Federal Rule of Civil Procedure 5(d)(1), showing that she served her filing on Plaintiff Gallagher. Although she may use any of the methods of service allowed for under Federal Rule of Civil Procedure 5(b), the most common method is "mailing it to the person's last known address–in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(c). The certificate of service must include a statement that she served the document on Plaintiff Gallagher, the date of service, and the method of service. The certificate of service must also be signed.

Plaintiff Robert Gallagher's mailing address of record is 2001 E. Main St., Griffith, Indiana, 46319.

Accordingly, the Court hereby **STRIKES** the letter docketed as an Answer [DE 14], filed by Defendant Nada Pajevic.

As a result, the Court **DENIES as moot** the Motion to Deny Defendant's Answer [DE 16], filed by Plaintiff Robert Gallagher.

SO ORDERED this 24th day of August, 2016.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

cc:    Pro se Plaintiff and pro se Defendant