**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ROBERT GALLAGHER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-410-RL-PRC |
| | ) | |
| NADA PAJEVIC, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Robert Gallagher invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing this litigation in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff and Defendant Nada Pajevic must be citizens of different states, and the amount in controversy must be more than $75,000. Citizenship is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

"For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). The Amended Complaint alleges only that Plaintiff "is a long time resident of Indiana and natural born citizen of the United States of America" and that Defendant "is a long time resident of Illinois." (Am. Compl. ¶ 1, ECF No. 4). Plaintiff also alleges that, at times, he stayed in Defendant's house in Illinois. *Id.* at ¶ 2. Plaintiff's allegations of his and Defendant's residencies is insufficient.

Plaintiff must properly allege the state of citizenship of himself and of Defendant. In other words, Plaintiff must allege where both parties are domiciled, not where they reside. Further, Plaintiff must support these allegations with "competent proof," that is, evidence proving "to a reasonable probability that jurisdiction exists." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Competent proof is also needed to support Plaintiff's allegation that the amount in controversy in this litigation is in excess of $75,000.

Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **November 9, 2017**, a supplemental jurisdictional statement that properly alleges the domicile of Plaintiff and Defendant and presents evidence providing competent proof of the parties' domiciles and of an amount in controversy over $75,000.

SO ORDERED this 26th day of October, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     Plaintiff Robert Gallagher, pro se
        Defendant Nada Pajevic, pro se