# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT GALLAGHER, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>NADA PAJEVIC, )<br>      Defendant. ) | CAUSE NO.: 2:15-CV-410-JPK |

## OPINION AND ORDER

This matter is before the Court on a Motion for Default Judgement on Sum Certain [DE 25], filed by Plaintiff Robert Gallagher, *pro se*, on August 31, 2017. Defendant Nada Pajevic is also litigating *pro se*.

## PROCEDURAL BACKGROUND

Gallagher initiated this cause of action by filing a complaint on November 5, 2015. He filed an amended complaint on December 22, 2015. On April 25, 2016, the Court issued a notice pursuant to Federal Rule of Civil Procedure 4(m) that the action may be dismissed for failure to serve process. On May 10, 2016, Gallagher filed the summons returned executed showing that Pajevic was served on January 11, 2016. On June 23, 2016, Gallagher filed a motion for Clerk's Entry of Default. A Clerk's Entry of Default was entered on June 24, 2016.

On July 12, 2016, Pajevic filed a document that she termed a "plead and response." The Court struck this document because Pajevic was in default and therefore the default needed to be set aside before she could file an answer. On December 29, 2016, the Court issued a notice to Gallagher that the case may be dismissed for want of prosecution. Gallagher filed an "Answer to the Courts Notice" on January 18, 2017.

On August 31, 2017, Gallagher filed the instant motion for default judgment, accompanied by an affidavit. On October 10, 2017, District Court Judge Rudy Lozano entered an order referring this matter to Magistrate Judge Paul R. Cherry, who held a hearing and issued a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) on December 19, 2017. Judge Cherry retired, and the undersigned was subsequently referred to this case as magistrate judge.

On June 21, 2019, the case was reassigned, upon the written consent of the parties, to the undersigned as the presiding judge to conduct all further proceedings and to order the entry of a final judgment. *See* 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition of dispositive motions. The court "may accept, reject, or modify, in whole or in part," the magistrate judge's report. *Id.* at § 636(b)(1). Parties have fourteen days after being served with the magistrate judge's report to file written objections to the proposed findings and recommendations. *Id.* "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Portions of the report to which there is no objection are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## JUDGE CHERRY'S REPORT AND GALLAGHER'S OBJECTIONS

In his December 19, 2017 report, Judge Cherry recommended that the Clerk's Entry of Default be set aside *sua sponte*—that is, by the Court acting on its own without a party's motion—

and that the motion for default judgment be denied.[1] Judge Cherry further recommended that a deadline be set for Pajevic to file an answer to the amended complaint and that she be advised of certain procedural matters.

Gallagher filed objections with the Court. Gallagher did not date the objections, but the Court stamped the document as filed on January 8, 2018. Gallagher's certificate of service states that service of the objections was made on Pajevic on January 4, 2018. Because parties have fourteen days within which to file exceptions and because an extra three days are added when service is made by mail, *see* Fed. R. Civ. P. 6(d), objections to Judge Cherry's report were due on January 5, 2018. It appears that Gallagher attempted to timely file his objections, but they were ultimately filed on the first business day after the deadline expired. However, Pajevic has not argued that the filing is untimely. In the interest of justice, the Court accepts the objections as if timely filed.

The case here presents the presumably rare situation where a magistrate judge is presiding by consent of the parties and there is a pending report and recommendation written by another magistrate judge pursuant to an order of referral issued by a previously assigned district court judge. At a hearing held July 25, 2019, the Court indicated that it planned to use Judge Cherry's report and the objections filed to that report in ruling on the motion for default judgment. The Court asked if there was any objection to that plan, and both parties stated that they did not object. Because "[a] judge of the court may accept, reject, or modify" a magistrate judge's report, 28 U.S.C. § 636(b)(1), and the undersigned—by virtue of the parties' written consent—"may conduct any or all proceedings" in this civil matter, *id.* § 636(c)(1), the undersigned concludes that 28 U.S.C. § 636 authorizes him to accept, reject, or modify Judge Cherry's report.

---

[1] On July 24, 2019, Pajevic filed a Motion to Set Aside Default Judgement on Sum Certain [DE 52]. Because the Court's decision is based on Judge Cherry's report and the objections to it, Pajevic's motion was not considered.

## ANALYSIS

Judge Cherry recommended that the Court *sua sponte* set aside the Clerk's Entry of Default. Federal Rule of Civil Procedure 55 provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Seventh Circuit Court of Appeals has indicated that a court may, for good cause, *sua sponte* set aside an entry of default. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). It is easier to meet the standard to set aside an entry of judgment than to meet the standard to set aside a default judgment. *Id.*

"A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Good cause is not synonymous with excusable neglect; good cause can be met "even though there is no good *excuse* for the defendant's inattention to the case." *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *accord JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015) ("As we explained in *Sims*, an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse." (citations omitted)). "Damages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case." *Sims*, 475 F.3d at 868. "Good cause" is easier to satisfy where it is only default, and not default judgment, that is sought to be set aside. *Id.*

Even in the default judgment context, the meritorious defense only needs to be "set forth" rather than "beyond a doubt, succeed in defeating a default judgment." *Wehrs v. Wells*, 688 F.3d

886, 890 (7th Cir. 2012). However, the defense must be supported by a developed legal and factual basis. *Id.*

Judge Cherry found that the good cause required by Rule 55 exists in this case. He provided several reasons which he found to collectively meet Rule 55's standard. He noted that Pajevic provided testimony of potential defenses, filed an answer to the amended complaint less than three weeks after Gallagher filed the motion for entry of default (though the answer was stricken for procedural reasons), noted that Pajevic is litigating *pro se*, and found that Pajevic did not appear to be willfully flaunting the Court's rules. Judge Cherry also noted that, though Pajevic has delayed this litigation by not timely filing her answer, Gallagher has also, on occasion, not acted timely. Specifically, notices were entered on the docket for Gallagher's failure to timely file proof of service and for failure to prosecute. Judge Cherry also noted that Gallagher has requested damages of over $1,100,000.

Gallagher objects to this recommendation, so the Court's review is *de novo*. Gallagher argues that cases cited by Judge Cherry are distinguishable and that the Court should look to other cases. Gallagher also argues that he has been treated unfairly by the Court and Pajevic. The Court will first address the case law objections and then turn to the objections based on treatment of Gallagher.

Gallagher argues that *Judson Atkinson Candies, Inc.*, *Cracco*, *Sims*, and *JMB Mfg., Inc.*, cited by Judge Cherry in his report and by the Court above, are distinguishable. However, with one exception (which will be addressed below), these cases are cited for the general statements of the law that they contain and not because of factual similarities between those cases and the situation here. Therefore, the objections based on factual dissimilarities between this case and *Judson Atkinson Candies, Inc.*, *Cracco*, *Sims*, and *JMB Mfg., Inc.* are overruled.

Gallagher also quotes, with alterations, the following passage from *JMB Mfg., Inc.*: "the special relationship between two prospective adoptive parents and a social worker employed by a hospital is simply not comparable to an arm's-length commercial transaction between two merchants for the sale of goods." 799 F.3d at 789. Gallagher argues that Judge Cherry made such an impermissible comparison. However, the quoted language comes from the court's analysis in rejecting the argument that a supplier's president owed a special duty to a manufacturer such that the manufacturer could assert a negligent misrepresentation claim against the president. The *JMB Mfg., Inc.* court refused to find that a case involving a social worker's special duty to prospective adoptive parents could be extended by analogy to the manufacturer-supplier case. The quoted language is about the substantive question of whether a duty existed for a tort claim and does not address the separate issue of whether an entry of default may be set aside, which appears later in the appellate opinion. Therefore, this objection is overruled.

The one instance where Judge Cherry made somewhat of a factual comparison to a case involves *Sims.* In addition to citing to *Sims* for the general standard for setting aside an entry of default, Judge Cherry also cited *Sims*' statement that disproportionate damages can satisfy the good cause standard for setting aside a default. Judge Cherry subsequently noted Gallagher's request for over $1,100,000 in damages. Gallagher states that he "is only asking for the cost of medication, and has left any other damages or awards to the [discretion] of the court as the court may see fit." (Pl.'s Obj. 7, ECF No. 42). However, at the December 13, 2017 hearing, Gallagher stated that he sought $1,000,000 for "loss of consortium" and over $100,000 for future medication costs. *See also* (Suppl. Jurisdictional Statement 3, ECF No. 37 (providing medication cost calculations)). However, regardless of whether Indiana or Illinois law is applied, a loss of consortium claim is brought by a person harmed by injury to *another* person. *See* 735 Ill. Comp. Stat. 5/13-203; *Price*

6

*v. Kuchaes*, 950 N.E.2d 1218, 1231 (Ind. Ct. App. 2011). That is, it appears that Gallagher cannot bring a loss of consortium claim based on alleged injuries that he received. Thus, the $1,000,000 in damages that Gallagher seeks for his loss of consortium claim are disproportionate, and Gallagher's objection to the contrary is overruled.

Gallagher directs the Court to the cases of *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996) and *Johnson v. Gudmundsson*, 35 F.3d 1104 (7th Cir. 1994). However, both of these cases involved default judgment, not merely an entry of default. *Swaim*, 73 F.3d at 716; *Johnson*, 35 F.3d at 1117. Once default judgment has been entered, the ability to set aside the default under Rule 55(c) is extinguished, and the "steeper" requirements of Rule 60(b) must be met. *Cent. Ill. Carpenters Health and Welfare Tr. Fund v. Con-Tech Carpentry, LLC*, 806 F.3d 935, 937 (7th Cir. 2015).

Gallagher argues that Pajevic, like the defendant in *Swaim*, refused service. However, at the hearing, Pajevic admitted that she received the complaint. She has not contested service. Gallagher also cites to *Johnson* and argues that relief is only available to Pajevic if she was not "willful, careless, or negligent." *See* (Pl's Obj. 8, ECF No. 42 (citing *Johnson*, 35 F.3d at 1117)). However, the *Johnson* appellate court was contemplating whether it was error for the court below to enter a default judgment, and not whether an entry of default should be set aside. *See Johnson*, 35 F.3d at 1117. This decision was reviewed for abuse of discretion, which the *Johnson* court determined was not present. *Id.* at 1117, n.10.

Gallagher also identifies the case of *United States v. Di Mucci*, which contains analysis under Rule 55(c). 879 F.2d 1488, 1495-96 (7th Cir. 1989). Gallagher's precise argument regarding *Di Mucci* is unclear. In *Di Mucci*, the default was entered after defendants failed to fully comply with five court orders to respond to all outstanding discovery requests. *Id.* at 1490. The defendants

7

argued that the default should be set aside because they substantially complied with the discovery requests (an argument that the court rejected) and because defendants were not personally aware of the malfeasance of their counsel. *Id.* at 1495. The *Di Mucci* court found there was no good cause to set aside the default. *Id.* at 1495-96. There is no helpful factual comparison to be made between *Di Mucci* and the dispute here. The default was not entered as a discovery sanction, and Pajevic is not represented by counsel. *Di Mucci*'s statement of the standard for setting aside a default is substantially similar to language contained in the Court's statements of the standard in this Opinion and Order and in Judge Cherry's report. *See id.* at 1495 ("In order to have an entry of default set aside or a default judgment vacated, defendants had to show: (1) good cause for their default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint. The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context." (citations omitted)).

Gallagher claims the Court treated him unfairly. He states that he has been given deadlines that were not similarly imposed upon Pajevic. The Court sets guidelines to ensure litigation moves toward a conclusion. The deadlines were fair, there was no unwarranted disparity in their imposition, and Gallagher suffered no undue prejudice from the deadlines. It is true that he had notices issued against him for failure to show that he had served Pajevic and for failure to prosecute. Both of these notices provided Gallagher with a deadline by which to act, and he acted by those deadlines. His case proceeded. It is true that the Court did not assign a deadline to Pajevic by which she should file a motion to set aside the default, but that was because she was not required to file such a motion, and, by virtue of an entry of default being entered against her for not appearing, she was already at risk of having default judgment entered against her. *See* Fed. R. Civ. P. 55. The Court did not need to issue a notice to Pajevic because Rule 55 does not require notice

8

in this instance, unlike Federal Rule of Civil Procedure 4(m) and Northern District of Indiana Local Rule 41-1, which do require notice. Further, the deadline by which to file objections to Judge Cherry's report applied to both Gallagher and Pajevic equally. There is no disparate treatment in the setting of this deadline.

Gallagher also argues that the Court gave Pajevic legal advice. It did not. The "advice" at issue is in the Court's August 24, 2016 Opinion and Order. In that document, the Court struck Pajevic's answer because she was in default and had not moved to set aside the default. The Court proceeded to inform Pajevic that, if she chose to file such a motion, that she would need to file it separately in each of the two cases pending against her, unlike the answer, which she tried to file in both cases simultaneously. The Court also instructed that case filings must contain the proper caption and include a certificate of service and that Pajevic must serve the documents on Gallagher. The Court also stated which form of service is most common. The Court at no point told Pajevic how to substantively defend her case or what it thought would be the best course of action for her to take.

Gallagher asserts that he should not have been required to allege his domicile instead of residence for the purpose of establishing subject matter jurisdiction through diversity of citizenship. This assertion is contrary to the law. Diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). "The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Id.*

Gallagher takes issue with the Court not giving Gallagher copies of filings made by Pajevic. Pajevic has the duty to serve filings on Gallagher, and as indicated in the August 24, 2016 Opinion

and Order, the Court has instructed Pajevic on her duty. Gallagher argues that the Court lost a motion in another case. That has no bearing on the issues here.

Gallagher asserts that Pajevic abuses the judicial system and has made false statements about Gallagher. However, in this case, Gallagher—not Pajevic—is the party who filed the case,[2] and the parties have presented different accounts of the facts of this case. These discrepancies will be tested by further proceedings. Further, though Gallagher states otherwise, setting aside the default neither constitutes a trial nor violates Gallagher's demand for a jury trial.

Gallagher argues that the Court refused to look into the potential transmission of herpes by Pajevic to third parties after the end of Gallagher's and Pajevic's relationship. The matter before the Court is a motion to set aside a default. The relevance of any such transmission to the merits of this case has not yet been judicially determined, and this case is not yet in discovery. This argument does not provide a basis on which to modify or reject Judge Cherry's report.

Gallagher maintains that he was blamed for Pajevic's avoidance of service. To the extent Gallagher means that he had a notice of failure to serve issued against him, he had not filed a summons returned executed when that notice was issued. To the extent Gallagher means that the instant decision to set aside the default is blaming him for any avoidance of service committed by Pajevic, he is incorrect. Neither Judge Cherry nor the undersigned have found that there was any error in the service on Pajevic. Instead, the undersigned concludes, and Judge Cherry recommended, that other good cause—not based on service—exists to set aside the default.

Good cause to set aside the default exists for several reasons. Pajevic provided testimony of potential defenses that she has to Gallagher's claims. For example, she stated that Gallagher knew that Pajevic had herpes before it was transmitted to him. Pajevic filed her answer to

---

[2] The Court notes that Gallagher filed another case against Pajevic in this judicial district. *See Gallagher v. Pajevic*, No. 2:15-cv-325 (N.D. Ind. Aug. 31, 2015).

10

Gallagher's amended complaint less than three weeks after Gallagher filed his motion for entry of default. Due to Pajevic's *pro se* status, the Court finds that her failure to timely file an answer was not the result of willful disregard of Court rules. Gallagher has requested $1,000,000 for loss of consortium, which is not available to him because he is the person who was allegedly injured by the underlying claim. Thus, with good cause, quick action, and meritorious defense, the Court finds that the default should be set aside.

## CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS with slight modifications** the Report and Recommendation [DE 40], **OVERRULES** Plaintiff's Objection to the Findings Report and Recommendation of United States Magistrate [DE 42], **SETS ASIDE** the Clerk's Entry of Default [DE 12], and **DENIES** the Motion for Default Judgement [DE 25].

The modifications are as follows. Judge Cherry recommended that Pajevic be advised as to certain procedural matters regarding the filing of her answer. Pajevic need not be so advised because the Court **NOTES** that Pajevic filed a "Notice of Answer" on January 3, 2018. The Court hereby **ACCEPTS** that pleading as filed as Pajevic's answer to the amended complaint. The Court will address Gallagher's objections to and requests to strike that answer by separate order.

So ORDERED this 15th day of August, 2019.

                s/ Joshua P. Kolar
                MAGISTRATE JUDGE JOSHUA P. KOLAR
                UNITED STATES DISTRICT COURT

cc:  Plaintiff Robert Gallagher, *pro se*
   Defendant Nada Pajevic, *pro se*