UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT GALLAGHER,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:15-CV-325-JPK<br>)　　　　　　　　　2:15-CV-410-JPK |
| NADA PAJEVIC,<br>　　　　Defendant. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. In cause number 2:15-CV-410, Defendant Nada Pajevic filed a motion for summary judgment, with an affidavit in which she attests that Plaintiff Robert Gallagher was a citizen of Illinois, not Indiana, when the complaint was filed. Although the motion does not explicitly request dismissal on that basis, Pajevic's evidence calls the Court's subject matter jurisdiction into question.

The Court must continuously police its subject matter jurisdiction and dismiss this action if it finds that jurisdiction is lacking. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court previously found, on a preliminary basis, that it had diversity jurisdiction over this action, subject to any further challenge supported by additional evidence. Pajevic's motion and affidavit present evidence that challenges the Court's jurisdiction. Accordingly, the motion for summary judgment will be denied without prejudice and the Court will hold an evidentiary hearing on the issue of Gallagher's citizenship. The Court emphasizes that no further argument or evidence pertaining to summary judgment will be heard at this hearing. If the Court finds that jurisdiction exists, the issue of summary judgment will be promptly addressed, and may be addressed from the bench at the hearing.

**DIVERSITY JURISDICTION**

As the party seeking federal jurisdiction, it is Gallagher's burden to establish that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Jurisdiction is measured as of the time the complaint was filed. *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 567-68 (7th Cir. 2022). Because certain "material factual allegations" supporting jurisdiction have been challenged, Gallagher must establish those facts by a preponderance of evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

Gallagher alleges jurisdiction based on diversity of citizenship. For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). A person's citizenship "depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016).

1. **Pleadings and 2017 Proceedings**

In cause number 2:15-CV-410[1], the Court raised the issue of jurisdiction in 2017, ordering Gallagher to file a supplemental jurisdictional statement presenting evidence of the parties' citizenship[2]. Gallagher stated that the Court has diversity jurisdiction because he "has been

---

[1] The summary judgment motion was filed in cause number 2:15-cv-410, and therefore the Court's discussion of the procedural history is focused on that case. However, the evidence bears equally on the Court's jurisdiction over the related case, 2:15-cv-325. This opinion is entered in both cases and the Court will hold a single hearing for both.

[2] The Court also ordered Gallagher to present evidence that the amount in controversy exceeded $75,000, and accepted those allegations pending any further challenge. [*See* DE 37, 59]. Although Pajevic contests Gallagher's entitlement to damages, her motion does not dispute that the amount in controversy exceeds $75,000. *See Meridian*, 441 F.3d at 543 ("[U]ncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal.").

domiciled in Indiana for many decades," and Pajevic is domiciled in Illinois. [DE 37 at 1]. Gallagher also submitted an affidavit attesting that he "is domiciled at his permanent residence of 2001 E. Main Street in Griffith, Indiana," and attached a copy of an Indiana driver's license showing that address. [DE 37-1].

At that point, a clerk's entry of default had been entered against Pajevic, and Gallagher had moved for default judgment against her. [*See* DE 12, 25]. On December 13, 2017, Magistrate Judge Paul R. Cherry held a hearing on Gallagher's motion, generally limiting the evidence presented to the issues relevant to that motion. In his subsequent findings, report, and recommendation, Judge Cherry recommended that the clerk's entry of default be set aside, and that Pajevic be ordered to answer to the complaint, and state "any reasons she has why, even if Gallagher's allegations are true, that Gallagher should not prevail in his case." [DE 40 at 4].

In her answer[3] [DE 41], Pajevic alleged:

> [Gallagher] is NOT a long-time resident of Indiana and has NO permanent domicile/resident at his brother Dennis Gallagher's reside (2001 East Main Street, Griffith Indiana, 46319). He only uses his brother's address to receive official mail but has NO residency in Indiana. Mr. Gallagher uses the alleged Indiana address to reduce the costs of vehicle registration and license plate fees. He was homeless when we met in November 2003; occasionally working but mainly unemployed in Illinois and living in my home and/or in a garage in Warrenville, Illinois. I had a court document sent to him at 2001 East Main Street, Griffith, Indiana, 46319 that was marked as "return to sender/addressee unknown" post marked April 29, 2015. This is his brother Dennis Gallagher's residence. His brother has never allowed him to live there. He taped a notice of falsification of service on the front door of my home making it appear to look like an authentic court document stating Robert

---

[3] Although styled as a "Notice of Answer" to Judge Cherry's findings, report, and recommendation [*see* DE 40, 41], the document responded to the allegations in the numbered paragraphs of Plaintiff's complaint, and the Court accepted the document as Pajevic's answer. [*See* DE 57].

> Gallagher does not live at 2001 E. Main Street, Griffith IN forging his brother Dennis Gallagher's signature on 5/3/15.

[DE 41-1 (record citations omitted)]. Pajevic also attached an Illinois state court filing in which Gallagher, through counsel, alleged that Pajevic wrongly "attempted to have [Gallagher] served at his brother's address where [Gallagher] does not reside."

On August 30, 2019, the Court[4] denied without prejudice Pajevic's request to dismiss the complaint, noting that to that point, "the only evidence before the Court points to Gallagher being domiciled in Indiana, Pajevic being domiciled in Illinois, and the amount in controversy exceeding $75,000. If Pajevic has evidence pointing to another conclusion, she has not presented that to the Court by way of affidavit or otherwise." [DE 59 at 2-3]. The Court did not hear any further challenges to jurisdiction.[5]

### 2. Motion for Summary Judgment

Pajevic's summary judgment motion states that Gallagher "was at all times relevant a citizen of the State of Illinois." This allegation, if true, would destroy diversity jurisdiction, because it is undisputed that Pajevic was an Illinois citizen. [*See* DE 102-1, 108-1 ¶ 3]. In support, Pajevic cites to her own affidavit stating in relevant part:

6. Robert Gallagher lived with me occasionally between 2005 and 2010.

7. Robert Gallagher resided with me permanently from 2010 through 2014.

8. I evicted Robert Gallagher in February of 2015.

---

[4] The case was referred to the undersigned for all purposes after the parties consented to allow a magistrate judge to conduct all further proceedings. [DE 50].

[5] Two months later, Pajevic filed a motion to dismiss in both cases, essentially restating the allegations in her answer, again attaching the letter purportedly from Dennis Gallagher stating that Robert Gallagher does not live at the listed address. [*See* DE 63]. Shortly thereafter, Pajevic retained counsel, and Pajevic's *pro se* motions were denied as abandoned. *See* 2:15-CV-410, [DE 70 (new counsel "granted 14 days to determine whether or not the motion[] will be withdrawn"), 72 (warning that "[a]bsent any filing, Defendant's pro se Motion to Dismiss will be denied without prejudice in light of Defendant's current representation by counsel"), 74 (motion denied without prejudice)]; 2:15-CV-325, [DE 58, 63, 65] (same).

>    9. I terminated any relationship with Robert Gallagher in 2015.
>
>    10. I believe this lawsuit is retaliation for the eviction and termination of the relationship.
>
>    11. Robert Gallagher has lived in Illinois throughout the entirety of the time that I have known him.
>
>    12. Robert Gallagher has worked in Illinois throughout the entirety of the time that I have known him.

[DE 102-1]. In response to Pajevic's statement of facts, Gallagher states that he was "dating [] Pajevic for ten years however was domiciled in Indiana that whole time," and "at all times relevant was a citizen [of] Indiana." [DE 108-1].

Further events in this case undermine Gallagher's claim of residence in Griffith, Indiana. Gallagher has tried to insist that he receive filings by e-mail, rather than to his listed address by U.S. Mail. In August 2020, he failed to appear for a settlement conference, and later claimed in an affidavit that he had not received notice of the hearing because he had been "out of town for the entire month." [*See* DE 76, 78]. The Court ordered Gallagher to provide documentation to support that statement, but he failed to do so. [*See* DE 83, 84]. And at a status conference on May 11, 2021, Gallagher seemed to suggest that he did not reside at the Griffith, Indiana address as of May 3, 2015, the date of the "Dennis Gallagher" letter.[6] The evidence that has accumulated since the August 30, 2019 denial of Pajevic's motion to dismiss, including her recent affidavit directly challenging Gallagher's allegations of domicile, dictates that the Court must revisit the jurisdictional analysis. *See Hay*, 312 F.3d at 879.

---

[6] It appears that the letter purportedly from Dennis Gallagher may have been falsified or altered in some way. The letter was written in an unusual format that resembles another letter addressed to Pajevic, purportedly from Adam Clemens of 601 Ridgelawn Trail, Batavia, Illinois, stating that Robert Gallagher did not live at that address either. [*See* DE 41 at 7-8, 13-14].

The fact that Gallagher has an Indiana driver's license does not show that he was domiciled in Indiana, nor does his purported residence in Griffith. *See Brown v. Scalise*, No. 3:20-CV-680-RLM-MGG, 2021 WL 4453717 at *1-2 (N.D. Ind. Sept. 29, 2021) (despite defendant's driver's license, voting registration, and affidavit claiming Indiana residency, "the weight of the evidence [didn't] support [his] statements" claiming Indiana domicile); *see also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) ("It is not enough to simply establish physical presence, but in order to turn residence in fact into a domicile in law the party must show, by some objective act, his intention to maintain the residency indefinitely."); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (a person cannot change domicile simply by "changing his . . . driver's license . . . to opt in or out of federal diversity jurisdiction").

Other than Gallagher's own statements, there is little *objective* evidence of his domicile in Indiana. Domicile is "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct, and statements of intent are entitled to little weight when in conflict with the facts." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (citations omitted); *see also Peet v. Green*, No. 18-CV-67-SMY-RJD, 2018 WL 1790694, at *1-2 (S.D. Ill. Apr. 16, 2018) ("A party's declaration of citizenship is not to be taken at face value. Instead, the focus is on the 'center of gravity' for that party's lifestyle."). That is particularly so where, as here, Gallagher has apparently contradicted his own sworn statements about where he lives.

The Court specifically notes Pajevic's (contested) allegation that Gallagher was domiciled with her in Illinois between 2010 and 2015. "A domicile once established . . . continues until a new domicile is acquired." *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08 CV 3853, 2008 WL 4671748, at *4 (N.D. Ill. Oct. 21, 2008) (quoting *Koerber v. Apollo Golf, Inc.*, No. 93 C 711, 1993 WL 39630, at *1 (N.D. Ill. Feb. 16, 1993)). There is a presumption in

favor of the old domicile, which can be rebutted if the party shows (1) physical abandonment of the old domicile, (2) intent not to return, (3) physical presence in the new domicile, and (4) intent to make that his domicile. *Id*. If it is true that Gallagher was domiciled with Pajevic, he must show that the "center of gravity" of his life moved to Indiana before these complaints were filed. *Id*. at *4-5 (citing *Galva*, 924 F.2d at 729).

The evidence proffered thus far does not establish that Gallagher was domiciled in Indiana when these complaints were filed on August 31, 2015 (cause number 2:15-CV-325) and November 5, 2015 (cause number 2:15-CV-410). Accordingly, a hearing will be set to resolve the question. Because it is Gallagher's burden to establish jurisdiction by a preponderance of the evidence, Gallagher will need to present objective evidence demonstrating that he was domiciled in Indiana. He may do so by presenting documents such as tax returns, voter registration data, bills for utilities or personal services, phone or text message records, witness testimony, or other forms of evidence. Pajevic will also be permitted to present any further evidence on the issue. The Court will also consider any prior inconsistent statements made by the parties throughout this case. *See Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 941-42 (N.D. Ill. 2009) (court considers a party's "overall credibility" in the jurisdiction analysis). If the preponderance of evidence does not establish subject matter jurisdiction, these cases will be dismissed.

Accordingly, the Court **DENIES without prejudice** Pajevic's motion for summary judgment [DE 100] and Gallagher's motion to supplement the summary judgment record [DE 114]. A hearing will be set by separate order.

So ORDERED this 28th day of March, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:   Plaintiff Robert Gallagher, *pro se*